

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 28, 2024

**BY ECF**

The Honorable Ronnie Abrams
Senior United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:  *United States v. Shawn Wilson,* No. 15 Cr. 490 (RA)

Dear Judge Abrams:

      The Government respectfully submits this letter in advance of the sentencing of Shawn Wilson on October 30, 2024 at 11:00 a.m. for violating the terms of his supervised release. For the reasons explained below, the Government submits that a Guidelines sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

    **I.**    **Factual Background**

      A.  <u>The Underlying Federal Offense</u>

      The defendant has a lengthy criminal history and history of non-compliance with supervision. As relevant to these proceedings, on November 19, 2015, the defendant pleaded guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), as charged in Indictment 15 Cr. 490 (JFK). (Presentence Investigation Report (Amended) dated March 23, 2016 ("PSR") ¶ 2). On April 19, 2016, the late Judge John F. Keenan sentenced the defendant to 36 months' imprisonment and 3 years' supervised release.

      B.  <u>The First Term of Supervised Release</u>

      On March 2, 2018, the defendant was released from the custody of the Federal Bureau of Prisons and the defendant commenced his first term of supervised release. Almost immediately after commencing supervision, he started using marijuana, testing positive for marijuana use on March 5, 2018, March 20, 2018, March 27, 2018, April 20, 2018, April 26, 2018, and May 7, 2018. The defendant also failed to report for random drug testing on dates in March, April, May, and June 2018. After being arrested twice for possession of heroin, the defendant stopped reporting to his probation officer completely. More than five months later, on February 26, 2019, the defendant was arrested, and was presented before Magistrate Judge Stewart D. Aaron for violations of the terms of supervised release. On April 10, 2019, the defendant appeared before Judge Keenan and

pled guilty to the violation specifications concerning his drug use, failure to comply with drug testing, and failure to report to probation. (Specifications No. 5, 6 and 8). Judge Keenan sentenced the defendant to six months' imprisonment, followed by two years' supervised release, with special conditions, including, outpatient substance abuse treatment and testing, and vocational or educational services. (Addendum to Violation Report, dated June 12, 2024 (the "Violation Report").)

    C.   The Second Term of Supervised Release

On August 20, 2019, the defendant commenced his second term of supervised release. Shortly after commencing that term, he served approximately two years of imprisonment (623 days, to be exact) arising from state offenses that occurred during the time period of his first term of supervised release. (Violation Report at 2.) On August 12, 2021, the defendant satisfied his state sentences and was released from state custody to resume his second term of supervised release.

Almost immediately after being released from state custody, the defendant tested positive for marijuana, and failed to report to random drug testing on other occasions. The defendant completed outpatient substance abuse treatment at Osborne Association, Inc. from September 2021 to August 2022, despite his continued marijuana use. Then, in or about September 2022, shortly after completing the treatment program, the defendant stopped reporting to the Probation Office, as directed.

On December 21, 2022, the Part I judge issued a warrant for the defendant's arrest. The defendant was not located and arrested until April 20, 2024, almost one and a half years later, after he was arrested by the NYPD, arising from an incident of aggravated harassment where he threated the victim, by phone, that "If I catch you outside, I'm going to beat you up and I'm going to kill you."

The defendant subsequently pled guilty before this Court to Specifications 1 and 6, arising from the defendant's failure to report to Probation and the incident of aggravated harassment. Both of these are Grade C violations.

   II.   **Applicable Law and Analysis**

When imposing a sentence, the Court must consider the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, and the applicable Guidelines range. *See* 18 U.S.C. §§ 3553(a); 3583(e)(3). In assessing the appropriate sentence, "the primary goal of a revocation sentence" is "to sanction the violator for failing to abide by the conditions of the court-ordered supervision," in order to account for the breach of trust inherent in failing to follow the court-imposed conditions of supervised release. U.S.S.G. Ch. 7, Pt. A(3)(b). Thus, "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the

The Honorable Ronnie Abrams  Page 3
October 28, 2024

underlying violation and the criminal history of the violator." *Id.*; *see also United States* v. *Sindima*, 488 F.3d 81, 86 (2d Cir. 2007).

Here, the applicable Guidelines range is 5 to 11 months' imprisonment, and the Probation Office has recommended a 5 month term of supervised release with no term of supervised release to follow. In this case, sanctioning the defendant's breach of trust and taking account of the other sentencing factors, the Government supports the Probation Department's sentencing recommendation for a period of incarceration. In addition, given the defendant's history of non-compliance on supervised release, the Government agrees a further term of supervised release will likely not be productive.

The defendant's breach of the Court's trust is substantial here, most significantly the defendant once again failed to report to submit to supervision—this time for more than a year a half—and also threatened to kill another person.

While the Government does not dispute that the defendant has abided by the terms of his supervised release since his was arrested and appeared in this District in April, and very recently obtained seasonal employment for the first time, a sentence of imprisonment is still necessary to reflect the significant breach of the Court's trust from these violations, as well balance the other sentencing factors including affording adequate deference to the defendant.

Although the defendant has raised various concerns about being sentenced to a term of imprisonment at MDC, the Government understands that BOP presently is not designating inmates to serve sentences at MDC.[1]

### III.   Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant of imprisonment with no term of supervised release to follow.

         Respectfully submitted,

         DAMIAN WILLIAMS
         United States Attorney for the
         Southern District of New York

By: /s/ Eli J. Mark
    Eli J. Mark
    Assistant United States Attorney
    (212) 637-2431

---

[1] However, the defendant still would likely have to serve a portion of his sentence (possibly multiple weeks) at MDC, if he was remanded at sentencing, while he awaited designation by the BOP.

The Honorable Ronnie Abrams                                                                                                   Page 4
October 28, 2024

cc:    Sean M. Maher, Esq. (by ECF and email)
       Michael Melaika, U.S. Probation Officer (by email)